IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| BRENDA REDELL, | ) | CV. NO. 07-00587 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NCL AMERICA, INC.; PRIDE OF AMERICA, in rem., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS;
AND (2) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' REQUEST FOR SANCTIONS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion, the supporting and opposing memoranda, the Court: (1) **DENIES** Defendants' Motion to Dismiss; and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' request for sanctions.  (Doc. # 51.)

BACKGROUND

This matter involves a civil action brought by Plaintiff Brenda Redell ("Plaintiff"), in which Plaintiff argues that Plaintiff was injured while employed as a seaman by Defendants NCL America, Inc., Pride of America ("Defendants").

(Doc. # 1.) According to Plaintiff, Defendants were negligent when they failed to provide a seaworthy vessel. (Id. ¶¶ 10, 12.) Plaintiff contends that in early December 2005, Plaintiff encountered and was forced to breathe in an unknown chemical haze while aboard the Pride of America. (Id. ¶ 5.) Plaintiff alleges that she suffered chronic lung disease, great physical pain, and mental pain and suffering as a result of exposure to the chemical haze. (Id.) Due to her resulting injuries, Plaintiff allegedly incurred medical and related expenses and lost wages.

Plaintiff filed a Complaint on December 3, 2007. (Doc. # 1.) She asks for damages to pay medical and related expenses, lost earnings, and general damages. (Id. ¶ 12.)

Defendants filed a Motion to Dismiss Plaintiff's Complaint on February 24, 2010, pursuant to Rules 7, 16(f), 26(a), 37, and 41(b) of the Federal Rules of Civil Procedure ("FRCP"). (Doc. # 51.) Defendants argue that Plaintiff is unable to establish the facts of her claim, failed to appear for a scheduled deposition, and failed to name an expert witness by the court ordered schedule. (Id. at 4-6.)

According to Defendants, on October 30, 2009, Plaintiff failed to appear for her scheduled deposition after receiving proper notice. (Doc. # 51 Ex. 3.) Defendants ask the Court to impose sanctions in the form of precluding

Plaintiff from testifying at trial, pursuant to Rule 37(b)(2)(A)(ii) under Rule 16(f). (Doc. # 51 at 5.) The record shows that Plaintiff failed to disclose an expert witness by the October 19, 2009 deadline. (Doc. # 36 ¶ 11a.) Defendants therefore assert that Plaintiff should be precluded from using an expert witness under Rule 37(c)(1). (Doc. # 51 at 5.) Defendants argue that if Plaintiff is precluded from testifying and precluded from entering an expert witness, then Plaintiff cannot establish the facts required to prove her injury. (Id. at 7-8.) Defendants also argue that Plaintiff wasted the Court's time with her failure to appear for a Rule 16 Scheduling Hearing in August 11, 2009, with an erroneous filing of a Motion for Default Judgement on February 18, 2009, and with her request for a public defender. (Id. at 9-11.) Defendants ask that the Complaint be dismissed in its entirety with prejudice. (Id. at 1-2.)

    Plaintiff filed an Opposition on March 19, 2010. (Doc. # 56.) In her Opposition, Plaintiff alleges that neither her previous counsel nor Defendants conferred with her as to the scheduling of the deposition. (Id. at 1-3.) Plaintiff contends that Defendants and her previous counsel were aware that she would not be able to attend a deposition scheduled in Hawaiʻi due to her medical condition and financial restraints. (Id. at 2-3.) Plaintiff believed that Defendants and her previous counsel would depose her in Missouri. (Id. at 3.)

Plaintiff asserts that Defendants have not cooperated with her discovery requests. Plaintiff argues that the Defendants' failure to comply with her discovery requests has prevented her from "discovery of expert witness's [sic]" and has prevented her from building her case against the Defendants. (Id. at 3, 7-9.) Defendants filed a Reply on April 1, 2010. (Doc. # 59.)

DISCUSSION

Defendants move this Court to dismiss the Complaint in its entirety with prejudice. Defendants also ask this court to sanction Plaintiff by precluding her from testifying and precluding her from introducing an expert witness. The Court will first address Defendants' request for sanctions under Rule 37. The Court will then determine whether to order involuntary dismissal under Rule 41.[1]

I.   Defendants' Request for Sanctions Under Rule 37

Defendants claim that Plaintiff failed to appear for her deposition and failed to disclose an expert witness by the date specified in the Amended Rule 16

---

[1] Defendants also submitted briefing pertaining to summary judgment. However, the motion before this Court is a motion to dismiss, not a motion for summary judgment. The Court will not review any issues pertaining to summary judgment at this time.
  The Court also notes that Plaintiff requests default judgment in her Opposition. A request for default judgment is not properly submitted in a opposition to a motion to dismiss, and the Court will not entertain her request at this time.

Scheduling Conference.  Defendants request that Plaintiff be sanctioned under Rules 37(b)(2)(A)(ii) and 37(c)(1).

### A. <u>Plaintiff's Failure to Appear at Deposition</u>

Defendants contend that after receiving proper notice, Plaintiff failed to appear at her deposition as required by Rule 37(d).  Citing Rule 37(b)(2)(A)(ii), Defendants ask that Plaintiff be sanctioned by prohibiting her from testifying at trial.

The record shows that Plaintiff did in fact fail to appear for her scheduled deposition.  Plaintiff admits that she received notice of her deposition. (Opp'n at 1.)  However, Defendants had prior knowledge that Plaintiff would not be able to attend the deposition because it was scheduled to take place in Hawai'i, where Plaintiff is not a resident.  At a hearing concerning the withdrawal of Jacob Merrill as Plaintiff's counsel, Defendants raised the issue of scheduling a deposition for Plaintiff.  (Mot. Ex 9 Merrill Tr. at 10.)  Plaintiff stated that she would not agree to a deposition located in Hawai'i due to her current medical condition and financial constraints.  (<u>Id.</u> at 11.)  Plaintiff also communicated that she believed she would be deposed when defense counsel were to depose Plaintiff's medical doctors in Missouri.  (<u>Id.</u>; Opp'n. at 2-3.)  The Magistrate Judge acknowledged that the parties had not yet agreed on the scheduling of Plaintiff's

deposition and encouraged the parties to continue their discussions as to where and when the deposition would be held. (Mot. Ex 9 Merrill Tr. at 11.) Two days following the hearing, Defendants served Plaintiff with notice that her deposition would be scheduled in Hawai'i. (Mot. Ex 3.) Defendants provide no evidence that Plaintiff agreed to a deposition located in Hawai'i or that Plaintiff's medical condition abated.

In the Reply, Defendants assert that they initially attempted to coordinate with Plaintiff as to the scheduling of her deposition. (Reply at 4.) Defendants further contend that Plaintiff was obligated to either show up for the deposition or request to reschedule the deposition. (Id.) However, Defendants knew two days before issuing the Notice of Deposition that Plaintiff would not be able to attend a deposition in Hawai'i due to her medical condition. (Mot. Ex 9 Merrill Tr. at 11.) It would seem that Defendants scheduled a deposition with the knowledge that Plaintiff would not be able to attend. Therefore, absent a showing of good faith, this Court is not inclined to place the full burden of rescheduling the deposition on Plaintiff.

Rule 37(d)(1)(B) requires the movant to provide certification that he or she in good faith, conferred or attempted to confer with the failing party in order to obtain a response without court action. Defendants do not provide certification

that they, in good faith, contacted Plaintiff to reschedule the deposition after Plaintiff's failure to appear or to accommodate Plaintiff's health needs. Nor did Defendants seek a court order, prior to requesting that Plaintiff be sanctioned in the present motion.

Absent such a showing by Defendants, this Court will not enforce sanctions on Plaintiff for failure to appear for or reschedule the deposition when it appears both parties are at least partially to blame. See Stars' Desert Inn Hotel & Country Club v. Hwang, 105 F.3d 521, 522 (9th Cir. 1997) (noting that the district court had found that "'both parties were at least partially responsible' for failing to find a mutually agreeable date for the rescheduled deposition, and denying [the] motion for sanctions"). Therefore, this Court DENIES Defendants' request for sanction in the form of precluding Plaintiff from testifying at trial.

    B.    <u>Plaintiff's Failure to Name an Expert Witness</u>

Plaintiff has failed to disclose any expert witness. Rule 26(a)(2) calls for the disclosure of any expert witness that will present evidence as an expert, accompanied by a written report created by and signed by the witness. This disclosure must take place at least 90 days prior to trial unless otherwise stipulated. Fed. R. Civ. P. 26(a)(2)(C). According to the Amended Rule 16 Scheduling Conference, Plaintiff's declaration of expert witnesses was due on October 19,

2009.² (Doc. #36.) During the hearing for the motion to withdraw plaintiff's counsel, the Magistrate Judge warned Plaintiff that if she proceeded *pro se*, she would need to make the appropriate fillings and familiarize herself with the FRCP. (Mot. Ex 9 at 5-6.) Therefore, Plaintiff should have been aware that she would need to disclose an expert witness by October 19, 2009. Even if this Court were to grant Plaintiff 90 days before trial as allowed by Rule 26, such time has long since passed. Trial is set to begin on April 20, 2010.

Allowing an expert witness this late in the pretrial process would be prejudicial to Defendants. In her defense, Plaintiff contends that she was unable to declare an expert witness by the scheduled time due to Defendants' withholding of discovery, (Opp'n at 3), and that her previous counsel did not provide her with the amended Scheduling Order, (Opp'n Ex. 7 at 1). These arguments are not persuasive. First, the Court has received no information as to why Plaintiff would have been unable to obtain an expert witness in her own case. Plaintiff's failure to obtain an expert witness is not necessarily contingent on Defendants' compliance with discovery requests. Second, the Magistrate Judge instructed Plaintiff to familiarize herself with the FRCP if she were to represent herself *pro se*. Rule

---

² The Court notes a typo in the court order, which states that the expert witnesses were due on October 19, 2008. (Doc. #37.)

26(a)(2)(C) states that, absent a court order, expert disclosures must be made at least 90 days before the date set for trial. At the time of this order, there is less than one month before the date set for trial. Plaintiff has not met the requirements set out by the FRCP or as set by the Court's amended scheduling order.

Because Plaintiff has not disclosed an expert witness by the present time, has not provided persuasive justification for her delinquency, and has not demonstrated that her delay is harmless, Plaintiff is precluded from introducing an expert at trial in accordance with Rule 37(c)(1). See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-7 (9th Cir. 2001) (finding that exclusion is an appropriate remedy when the court has not been provided with persuasive justification or proof of harmlessness for the failure to meet the disclosure requirements of Rule 26(a)). Accordingly, this Court GRANTS Defendants' request for sanction in the form of precluding Plaintiff from entering an expert witness.

II.     Defendants' Motion for Dismissal Pursuant to Rule 41(b)

In addition to requesting sanctions, Defendants move the Court to order involuntary dismissal of Plaintiff's Complaint under Rule 41. Granting involuntary dismissal of Plaintiff's claim is a harsh penalty only to be used in extreme conditions. See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.,

460 F.3d 1217, 1226 (9th Cir. 2006). Drastic sanctions of dismissal or default judgment are to be imposed only when "the losing party's noncompliance [is] due to willfulness, fault, or bad faith." Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

The Ninth Circuit applies several factors in determining whether to dismiss a case for failure to comply with a court order. A court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).

The first two factors of the Malone test refer to judicial economy. See In re: PPA Prods. Liab. Litig., 460 F.3d at 1227. Plaintiff's delays have revolved around her inability to attain and maintain counsel. According to a letter Plaintiff sent to the Court, her failure to appear for the Rule 16 Scheduling Conference set for August 11, 2008 was due to Plaintiff's belief that she had obtained counsel, but she subsequently found out that just prior to the hearing that the attorney would not represent her. (Doc. # 11.) When Plaintiff obtained Jacob Merrill as counsel on February 25, 2009, counsel requested a continuance. (Doc. # 29.) The Magistrate Judge granted the motion for continuance and set a new status conference that

would give a new trial date and deadlines.  (Doc. # 35.)  The Court finds that these two factors weigh against dismissal at this juncture.

The third factor, risk of prejudice to the defendants, asks if "the plaintiff's actions impair the defendant's ability to go to trial, or threaten to interfere with the rightful decision of the case."  Id.  The Court notes that to date Plaintiff has not been deposed, and the Court recognizes the importance of this deposition so as to not impair Defendants' ability to proceed with trial.  However, Defendants were notified two days prior to their issuance of the Notice of Deposition that Plaintiff would be unable to travel to Hawai'i due to her medical condition.  Pursuant to Rule 37(d), Defendants are required make a good faith effort to confer or make attempts to confer with Plaintiff to reschedule the deposition before seeking a court order.  Defendants have provided no evidence to suggest that they have complied with Rule 37(d).  Therefore, this Court cannot find that Plaintiff is solely responsible for delay caused by her missing the deposition.

The fourth factor, public policy favoring disposition of cases on their merits, strongly counsels against dismissal.  Absent a showing that a case is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, dismissal on procedural grounds is not preferred.

11

Defendants allege that Plaintiff "persists in wasting the Court's time."[3] (Mot. at 12.) The Court acknowledges that there have been delays and that Plaintiff, proceeding *pro se*, could have more actively prosecuted her case. The Court nevertheless finds that Plaintiff's delays do not, at this juncture, warrant dismissal.

The fifth factor calls for the consideration of alternative and less drastic sanctions. In re: PPA Prods. Liab. Litig., 460 F.3d at 1228. Alternative sanctions can include: "a warning, a formal reprimand, . . . a fine, the imposition of costs or attorney fees, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." Malone, 833 F.2d 128, n1. Plaintiff did receive one warning from the Magistrate Judge. The Magistrate Judge informed Plaintiff that if she missed the rescheduled Rule 16 Scheduling Conference, then her claim would be dismissed for failure to prosecute. (Mot. Ex 3.) Plaintiff attended the hearing and all following hearings thereafter. She has not, to this Court's knowledge, repeatedly failed to comply with court orders or warnings. See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004).

---

[3] Defendants are referring to Plaintiff's nonappearance at the August 11, 2008 Scheduling Conference, excused by the Magistrate Judge (Mot. Ex. 13), submission of a Motion for Default Judgment (Mot. Ex. 15), and Plaintiff's nonappearance at a deposition in Hawai'i (Mot. Ex. 7).

Accordingly, Defendants' Motion to Dismiss is DENIED.

The Court hereby puts Plaintiff on notice that she must actively prosecute this action. Trial is scheduled to begin on April 20, 2010. Plaintiff is advised that she must be present and ready to proceed as scheduled. Failure to be present at trial will result in dismissal of this action.

## CONCLUSION

For the reasons stated above, the Court: (1) DENIES Defendants' Motion to Dismiss; and (2) GRANTS in part and DENIES in part Defendants' request for sanctions.

Plaintiff is hereby PRECLUDED from entering an expert witness.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 8, 2010.



David Alan Ezra
United States District Judge

Redell v. NCL America, Inc., Pride of America, in rem, CV No.07-00587 DAE-LEK; ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR SANCTIONS